# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LAW OFFICES OF BRUCE J. CHASAN, LLC, and BRUCE J. CHASAN, ESQ. <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN M. PIERCE, ESQ., JAMES D. BAINBRIDGE, ESQ., PIECE BAINBRIDGE BECK PRICE & HECHT, LLP, BAINBRIDGE LAW APC, PIERCE BAINBRIDGE P.C., JOHN PIERCE LAW, P.C., <br><br> Defendants. | 2:23-cv-00648 <br><br> Hon. Nitza I. Quiñones Alejandro |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION UNDER RULE 12(b)(6) (AND RULE 6(b) IF NECESSARY), OR ALTERNATIVELY, UNDER RULE 12(c), TO DISMISS THE CLAIMS AGAINST THEM ON THE GROUNDS OF IMPERMISSIBLE COLLATERAL ATTACK, CLAIM PRECLUSION, AND ISSUE PRECLUSION

**BRACH EICHLER L.L.C.**
Edward D. Altabet, Esq.
5 Penn Plaza
23rd Floor
New York, NY 10001
973.447.9671
ealtabet@bracheichler.com

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................... iv

PRELIMINARY STATEMENT ........................................................................................1

THE ALLEGATIONS IN THE COMPLAINT (*CHASAN III*)........................................1

THE FINAL JUDGMENTS ISSUED IN *CHASAN I* AND *CHASAN II* ........................2

    A.    *Chasan I*:  Chasan's Claim for Breach of the Alleged Settlement Agreement with Pierce Bainbridge Is Dismissed by the District Court, Which Is Then Affirmed by the Third Circuit........................................................................................2

    B.    *Chasan II*:  Chasan Sues Again on the Same Transactions Related to the Hamilton Representation Alleging Tortious Interference and Unjust Enrichment, Which the District Court Held Barred Under the Doctrine of Claim Preclusion .........4

    C.    *Chasan I* – The Collateral Attack:  Chasan Moves to Collaterally Attack Judge Brody's 12(b)(6) Judgment Under Rule 60(b)(6), which the District Court Denies, the Third Circuit Affirms, and for Which En Banc Review Was Denied ........6

    D.    *Chasan III* Is the Same Lawsuit As *Chasan I* and *Chasan II* .......................8

PROCEDURAL HISTORY OF *CHASAN III* ...................................................................8

ARGUMENT .....................................................................................................................9

    I    ALL OF CHASAN'S CLAIMS ARE PRECLUDED UNDER THE DOCTRINES OF IMPERMISSIBLE COLLATERAL ATTACK, CLAIM PRECLUSION, AND/OR ISSUE PRECLUSION ....................................................................9

        A.    Defendants Move Under Rule 12(b)(6) (and Rule 6(b)(1)(B) to the Extent Necessary) to Dismiss; Or Alternatively, Under Rule 12(c) for  Judgment on the Pleadings ........................................................................9

        B.    Preclusion Doctrines ........................................................................13

            1.    The Doctrine of Claim Preclusion ............................................13

            2.    The Doctrine of Issue Preclusion.............................................14

        C.    Claims 3 Through 8 Are Barred and Precluded...................................15

        D.    Claims 1 and 2 Are Absolutely Barred as Impermissible Collateral Attacks........18

CONCLUSION.................................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beasley v. Howard,*
  14 F.4th 226 .............................................................................................12, 13

*Flood v. Schaefer,*
  754 Fed.Appx. 130 (3d Cir. 2018) ...........................................................14

*Glade Park East Home Owners' Ass'n v. Penn. Public Utility Com'n,*
  156 Pa. Cmwlth 466 (Cmwlth Ct. 1993) .................................................13

*Hoffman v. Nordic Nats., Inc.,*
  837 F.3d 272 (3d Cir. 2016).................................................................8, 10

*Hutto v. Davis,*
  454 U.S. 370 (1982).................................................................................18

*In re Lodholtz,*
  769 F.3d 531 (7th Cir. 2014) ...................................................................16

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,*
  —— U.S. ——, 140 S. Ct. 1589, 206 L.Ed.2d 893 (2020)..................13, 14

*Penzoil Prods. Co. v. Colelli & Assocs., Inc.,*
  953 F.Supp. 669 (W.D.Pa.1997), *rev'd on other grounds,* 149 F.3d 197 (3d
  Cir.1998) .................................................................................................11

*Rue v. K-Mart Corp.,*
  552 Pa. 13, 713 A.2d 82 (1998) ...............................................................14

*The Law Offices of Bruce J. Chasan, Esq. LLC v. Pierce Bainbridge*
    *Beck Price & Hecht, LLP,*
  18-cv-05399-AB, 2019 WL 1957950 (E.D.Pa. May 2, 2019),
    *aff'd,* 792 Fed.Appx.195 (3d Cir. 2019) ......................................... *passim*

*The Law Offices of Bruce J. Chasan, Esq. LLC v. Pierce Bainbridge*
    *Beck Price & Hecht, LLP,*
  20-cv-01338, 2021 WL 148406 (E.D.Pa. Jan. 15, 2021)................................ *passim*

*The Law Offices of Bruce J. Chasan, Esq. LLC v. Pierce Bainbridge*
    *Beck Price & Hecht, LLP,*
  18-cv-05399-AB, 2021 WL 4619910 (E.D.Pa. Aug. 26, 2021)
    *aff'd,* No. 21-2804, 2022 WL 17424299 (3d Cir. Dec. 22, 2022) .................. *passim*

*Travelers Indemnity Co. v. Bailey,*
    557 U.S. 137 (2009).................................................................................16

*Turbe v. Gov't of V.I.,*
    938 F.2d 427 (3d Cir. 1991)....................................................................9

*U.S. Fidelity and Guar. Co. v. Bank of Bentonville,*
    29 F.Supp.2d 553 (W.D.Ark. 1998)......................................................11

*U.S. v. Kennedy,*
    682 F.3d 244 (3d Cir. 2012)..................................................................17

*United States v. Tohono O'Odham Nation,*
    563 U.S. 307 (2011).................................................................................13

*Vasquez v. Spain Inn, Inc.,*
    No. 19-452, 2019 WL 5258197 (D.N.J. Oct. 17, 2019) .......................12

**Rules and Treatises**

Fed. R. App. P. 41 ......................................................................................3

Fed. R. Civ. P. 6(b)(1)(B) .........................................................................10

Fed. R. Civ. P. 8(b)(3) ...............................................................................11

Fed. R. Civ. P. 60 .........................................................................1, 16, 18

Fed. R. Civ. P. 60(b)(2), (3) .......................................................................7

Fed. R. Civ. P. 60(b)(6).....................................................................*passim*

Rule 6 .....................................................................................................1, 12

Rule 6(b) ...............................................................................................10, 11

Rule 6(b)(2) ...............................................................................................10

Rule 12 .......................................................................................................10

Rule 12(a) ....................................................................................................9

Rule 12(a)(1)(A)(i)......................................................................................9

Rule 12(b) ...............................................................................................9, 11

Rule 12(b)(2) ..............................................................................................11

Rules 12(b)(2)-(b)(5) ...................................................................................9

Rule 12(b)(6) ..................................................................................................... *passim*

Rule 12(b)(6) ..................................................................................................... 1

Rule 6(b)(1)(B) ................................................................................................... 8

Rule 12(b)(b) ...................................................................................................... 9

Rule 12(c) ............................................................................................................ *passim*

Rule 12(h)(1)(B)(i)-(ii) ....................................................................................... 9

Rule 12(h)(2) ....................................................................................................... 11

Rule 12(h)(2)(B) ................................................................................................. 9

Rule 60(b) ........................................................................................................... *passim*

Rule 60(b) (1-5) .................................................................................................. 7

Rule 60(b)(2) ....................................................................................................... 5, 7, 16

Rule 60(b)(3) ....................................................................................................... 5, 7, 16

Rule 60(b)(6) ....................................................................................................... 5

Rule 60(c) ............................................................................................................ 6, 7, 16

5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1265 (4th ed.) ......................... 11

## PRELIMINARY STATEMENT

This case demonstrates why preclusion doctrines exist.  Plaintiffs, Bruce Chasan, Esq. and his law firm, The Law Offices of Bruch J. Chasan, Esq., LLC ("**Chasan**"), are vexatious litigants.  This is the third lawsuit by these plaintiffs against the defendants here concerning an alleged settlement of Chasan's fee claims in connection with the parties' successive representations of one Lenwood Hamilton years ago.  The defendants have prevailed before the District Court three times and the Third Circuit twice in connection with the same set of transactions sued upon here.

Indeed, the Complaint leads off by stating that it is collaterally attacking two of the three judgments entered in the two prior lawsuits between these parties under Fed. R. Civ. P. 60. (Compl. ¶ 1).  But not only does Chasan seek to impermissibly collaterally attack two prior judgments — one dismissing his claims under Rule 12(b)(6) and the other barring him from litigating new claims under the doctrine of claim preclusion — he fails to mention over the of course of his 124 page, 413 paragraph Complaint that the Third Circuit, on December 6, 2022, affirmed the District Court's denial of his attempt under Fed. R. Civ. P. 60(b)(6) to collaterally attack the original judgment dismissing his claims.

The defendants John M. Pierce Esq., James D. Bainbridge, Esq., Pierce Bainbridge Beck Price & Hecht, LLP, Bainbridge Law APC, Pierce Bainbridge P.C., and John Pierce Law, P.C. (collectively, the "**PB Defendants**") now move under Rule 12(b)(6) (and Rule 6(b) to the extent necessary), or in the alternative, under Rule 12(c), to dismiss the complaint with prejudice.

## THE ALLEGATIONS IN THE COMPLAINT (*CHASAN III*)

This lawsuit ("*Chasan III*") arises out of Chasan's and defendant Pierce Bainbridge Beck Price & Hecht, LLP's ("**Pierce Bainbridge**" or "**PBBPH**") representation of one Lenwood

Hamilton ("**Hamilton**") in a suit by him against Epic Games, Microsoft, and other defendants alleging that the latter had misappropriated Hamilton's likeness and voice in the *Gears of War* video game series.  (Compl. ¶¶ 22-23; 35-123).  Hamilton first retained Chasan on a contingency basis.  (*Id.* ¶¶ 24-26).  In or around March 2018, Hamilton informed Chasan that Hamilton would no longer be able to finance the expenses of the litigation and Chasan contacted Pierce Bainbridge in relation to alternative financing for the case.  (*Id.* ¶¶ 27-28).  On March 20, 2018, Chasan, Hamilton, and Pierce met to discuss joint representation and financing. (*Id.* ¶ 145). About a week later, Hamilton terminated Chasan's representation and retained Pierce Bainbridge.  (*Id.* ¶ 175).  Chasan claimed he was owed fees in in the amount of $320,000.  (*Id.* ¶ 181).  The parties here then attempted to negotiate a settlement.  (*Id.* ¶¶220-78).  Chasan claims that he and Pierce Bainbridge reached a settlement agreement to settle Chasan's fee claim in the amount of $160,000.  (*Id.* ¶ 275).

But the District Court for the Eastern District of Pennsylvania (Hon. Anita B. Brody) and no less than two panels of the Third Circuit have held otherwise.

## THE FINAL JUDGMENTS ISSUED IN *CHASAN I* AND *CHASAN II*

**A.** ***Chasan I*: Chasan's Claim for Breach of the Alleged Settlement Agreement with Pierce Bainbridge Is Dismissed by the District Court, Which Is Then Affirmed by the Third Circuit**

On December 14, 2018, Chasan first sued John Pierce, Esq. and Piece Bainbridge "for specific performance and breach of contract" in connection with the purported settlement agreement that Chasan and Pierce Bainbridge had reached regarding fees claimed by Chasan in connection with his representation of Hamilton.  *See The Law Offices of Bruce J. Chasan, Esq. LLC v. Pierce Bainbridge Beck Price & Hecht, LLP*, 18-cv-05399-AB, 2019 WL 1957950, at *1 (E.D.Pa. May 2, 2019) ("***Chasan I***").  (*See* RJN Ex. 1).  Chasan acknowledges in his complaint

here that the claims in *Chasan I* were indeed based upon claims for breach of contract in connection with the alleged settlement agreement.  (*See* Compl. ¶¶ 279-90).

The defendants in *Chasan I* moved to dismiss under Rule 12(b)(6), which the District Court (Brody, J.) granted on May 2, 2019 (the "**12(b)(6) Judgment**").  *See Chasan I*, 2019 WL 1957950 at *4.  The District Court held that Chasan had failed to state a claim for relief "[b]ecause the negotiations [concerning the purported settlement agreement] never concluded and no agreement was signed, there was no 'meeting of the minds' as to the terms of and consideration involved in Chasan's alleged agreement with Defendants.  Therefore, Chasan has not pleaded an enforceable agreement and has not stated a claim for breach of contract."  *Id*. at *4 (citations omitted).

Chasan appealed.  The Third Circuit affirmed the dismissal, holding:

> Chasan's appeal can be distilled to a single question: under Pennsylvania law, did the months-long exchanges among Chasan, Pierce, and PBBPH create a binding settlement agreement?  Because it is clear from Chasan's own allegations that the parties never did reach an agreement on an essential term of their purported bargain, we answer that question in the negative and will affirm the judgment of the District Court.

*Chasan I – First Appeal*, 792 Fed.Appx.195, 198-99 (3d Cir. 2019) (RJN Ex. 2).  In sum, explained the Third Circuit, "Chasan's attempt to manufacture a binding agreement by piecing together a series of rejected offers and untimely acceptances finds no support under Pennsylvania law.  Accordingly, we will affirm the judgment of the District Court."  *Id*. at 200.

The Third Circuit affirmed the 12(b)(6) Judgment on November 26, 2019 and issued its mandate pursuant to Fed. R. App. P. 41 to the District Court on November 26, 2019 (the "**12(b)(6) Appellate Mandate**").  (*See* RJN Ex. 3).

3

**B.**   ***Chasan II*:  Chasan Sues Again on the Same Transactions Related to the Hamilton Representation Alleging Tortious Interference and Unjust Enrichment, Which the District Court Held Barred Under the Doctrine of Claim Preclusion**

Undeterred, and without any apparent concern or respect for the finality of the 12(b)(6) Judgment and the Third Circuit's mandate affirming that judgment, on March 9, 2020, Chasan brought a second action styled the *Law Offices of Bruch J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP* ("***Chasan II***"), which pled claims for tortious interference with contract and unjust enrichment against Pierce Bainbridge and several of its partners.  (Compl. ¶¶ 306-316).  The District Court (Brody, J.) dismissed the complaint in *Chasan II* under the doctrine of claim preclusion because of the District Court's prior judgment dismissing *Chasan I* under Rule 12(b)(6) (the "**Claim Preclusion Judgment**").  *See Chasan II*, 2021 WL 148406 (E.D.Pa. Jan. 15, 2021).  (RJN Ex. 4).

"The District Court rejected Chasan's argument that 'claim preclusion cannot be considered at this stage of the litigation' because a court 'may grant a Rule 12(b)(6) dismissal pursuant to res judicata if it is 'apparent on the face of the complaint' that the claims are precluded.'''  *Chasan II*, 2021 WL 148406 at *4 (quoting *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (quoting *Rycoline Prods. Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)).

Judge Brody explained:  "Claim preclusion, or res judicata, bars a plaintiff's claim when there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Id*. (quoting *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010)).

There, Chasan did "not contest that the first two elements [of claim preclusion] have been met."  *Id*.  "First, the Order granting the motion to dismiss in *Chasan I* was a final judgment on the merits."  *Id*. (citations omitted).  "The second element, the requirement that the subsequent

suit is between the 'same parties or their privies,' has also been met." *Id*. (quoting *Duhaney*, 621 F.3d at 347).  Since "[b]oth lawsuits involve Pierce and Pierce Bainbridge," while the "second lawsuit involves additional Pierce Bainbridge attorneys, the attorneys occupy a close 'principal and agent' relationship to both Pierce and Pierce Bainbridge to establish privity."  *Id*. (citations omitted).

Judge Brody also had no trouble concluding that the "third element [wa]s met because the present action is based on the same cause of action as *Chasan I*."  *Chasan II*, 2021 WL 148406 at *5.  "Chasan argue[d] that because the first action sought to enforce an alleged settlement agreement under a breach of contract theory and the present action seeks damages under theories of tortious interference and unjust enrichment, res judicata does not apply."  *Id*.  The District Court made short shrift of this argument.

"Although there is no single definition of "cause of action," when determining whether two cases involve the same cause of action for purposes of res judicata, courts take a 'broad view' and focus "on the essential similarity of the underlying events giving rise to the various legal theories.""  *Id*. (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)).  "In other words, courts "focus on facts rather than legal theories."  *Id*. (citations omitted).  "Therefore, res judicata bars any claim that 'arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation.'"  *Id*. (citations omitted).  Because the claims in *Chasan II* "arise out of the same set of facts as *Chasan I*," while "the theories of recovery are different, the claims relate to the same operative event.  The claims in both *Chasan I* and the present case concern the transition in representation of Hamilton from Chasan to Pierce Bainbridge."  *Id*.  As "[r]es judicata 'bars not only claims that were brought in a previous action, but also claims that could have been

5

brought'" *id*. (quoting *In re Mullarkey*, 563 F.3d 215, 225 (3d Cir. 2008)), Chasan's "claims for

tortious interference and unjust enrichment are barred by res judicata," *id*.

Chasan did not appeal this decision.

C.   *Chasan I* – **The Collateral Attack:  Chasan Moves to Collaterally Attack Judge
      Brody's 12(b)(6) Judgment Under Rule 60(b)(6), which the District Court Denies, the
      Third Circuit Affirms, and for Which En Banc Review Was Denied**

On April 5, 2021 — nearly two years after the 12(b)(6) Judgment was entered — Chasan

filed a Rule 60(b) motion with the District Court in *Chasan I* alleging as grounds to vacate the

12(b)(6) Judgment "fraud" by the defendants and/or "newly discovered evidence."  (Compl.

¶¶ 2-3; 317-46).  On August 26, 2021, the District Court (Brody, J.) held that Chasan's attempt

to use Rule 60(b)(6)'s catch-all-provision was an improper attempt to circumvent Rule 60(b)(2)'s

and (b)(3)'s one-year statute of limitations set forth in Rule 60(c) (the "**Rule 60(b) Judgment**").

*See Chasan I*, 2021 WL 4619910 (E.D.Pa. Aug. 26, 2021).  (*See* RJN Ex. 5).

"Chasan alleges that they received 'newly discovered evidence' from a phone

conversation with Hamilton that showed 'deceit' by Pierce Bainbridge and Pierce during the

alleged settlement discussions."  *Chasan I*, 2021 WL 4619910 at *1. (citations omitted).

"Chasan contends that this phone conversation and the alleged newly discovered evidence,

warrant relief from the Court's dismissal of the action." *Id*. (citations omitted).

The District Court began its discussion by quoting Federal Rule of Civil Procedure 60(b),

which provides:

> a court may relieve a party or his legal representative from a final
> judgment, order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excuse; (2) newly discovered
> evidence ... (3) fraud ... (4) the judgement is void; (5) the judgment
> has been satisfied, released, or discharged ... or (6) any other
> reason that justifies relief.

*Id*. (quoting Rule 60(b)).

"Motions brought under Rule 60(b) 'must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding.'" *Id*. at *2 (quoting Fed. R. Civ. P. 60(c)).

"To obtain relief from a judgment pursuant to Rule 60(b)(6), a movant must establish 'extraordinary circumstances' that justify setting aside the judgment." *Id*. (quoting *Morris v. Horn*, 187 F.3d 333, 341-44 (3d Cir. 1999)). "Courts should only grant relief pursuant to Rule 60(b)(6) 'sparingly and in circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id*. (quoting *Swaka v. Healtheast*, 989 F.2d 138, 140 (3d Cir. 1993)).

"Importantly, 'Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented.'" *Id*. (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)). "'Instead, Rule 60(b)(6) is available for extraordinary circumstances 'and only when the relief sought is based upon 'any other reason' than a reason which would warrant relief under 60(b)(1-5)." *Id*. (citations omitted).

"Here, Chasan invokes the catch-all provision of Rule 60(b)(6) for reasons that would warrant relief under Rule 60(b)(2) and Rule 60(b)(3). Chasan's Rule 60(b)(6) motion relies on newly discovery evidence and the alleged fraudulent and deceitful behavior of Pierce Bainbridge and Pierce." *Id*. at *2. "Newly discovered evidence is a basis for relief under Rule 60(b)(2) and fraud or misconduct is a basis for relief under Rule 60(b)(3). *See* Fed. R. Civ. P. 60(b)(2), (3). Therefore, Chasan could have filed the motion under Rule 60(b)(2) or Rule 60(b)(3), where it would be subject to the one-year limitations period. *See* Fed. R. Civ. P. 60(c). Chasan cannot now fashion the motion to fit Rule 60(b)(6), when relief is more appropriate under Rule 60(b)(2) or Rule 60(b)(3)." *Id*.

"To the extent Chasan's motions relies on newly discovered evidence and alleged fraud and misconduct, the motion is untimely. The instant motion was submitted nearly two-years after the Court entered judgment in this case and well beyond the one-year time frame for Rule 60(b)(2) and Rule 60(b)(3) motions. Therefore, Chasan's motion must be denied." *Id.*

Chasan then appealed to the Third Circuit, which affirmed the Rule 60(b) Judgment and issued a mandate to the District Court on December 6, 2022 (the "**Rule 60(b) Appellate Mandate**"). *See Chasan I – Second Appeal*, No. 21-2804, 2022 WL 17424299 (3d Cir. Dec. 22, 2022). (RJN Ex. 6). Chasan then sought *en banc* review, which was denied on January 4, 2023. (*See* RJN Ex. 7).

### D. *Chasan III* Is the Same Lawsuit As *Chasan I* and *Chasan II*

Chasan III is based upon the same nucleus of operative facts as *Chasan I* and *Chasan II*. The gravamen of this complaint and the previous two is the dispute relating to fees allegedly due Chasan under a non-existent settlement agreement in connection with the parties' successive representations of Hamilton in his *Gears of War* case. (*Compare Chasan III* Compl. ¶¶ 22-34; 35-123 *with Chasan I Compl*. ¶¶ 6-54 and *Chasan II Compl*. ¶¶ 11-23). (*See* RJN Exs. 8 and 9).

For the reasons set forth below, Plaintiffs complaint in Chasan III should be dismissed with prejudice under the related doctrines of impermissible collateral attack, claim preclusion, and issue preclusion.

### PROCEDURAL HISTORY OF *CHASAN III*

Chasan commenced the instant action, Chasan III, on February 21, 2023. [Dkt. No. 1]. He purportedly served the defendants by mail on or about February 27, 2023. [Dkt. No. 4]. On March 30, 2023, the defendants entered an appearance through counsel. [Dkt. No. 5]. That same

day, Chasan and counsel for the PB Defendants conducted a meet and confer.  Chasan refused to stipulate to a briefing schedule with respect to the instant motion.  On March 30, 2023, the PB Defendants noticed related cases viz. Chasan I and Chasan II and suggested that re-assignment of this case to Judge Brody might be appropriate.  [Dkt. No. 6].  On May 5, 2023, the District Court (Hon. Nitza I. Quiñones Alejandro) denied the request.  [Dkt. No. 10].  The PB Defendants now moved to dismiss the claims under Rule 12(b)(6) or, alternatively, under Rule 12(c).

## **ARGUMENT**

### I **ALL OF CHASAN'S CLAIMS ARE PRECLUDED UNDER THE DOCTRINES OF IMPERMISSIBLE COLLATERAL ATTACK, CLAIM PRECLUSION, AND/OR ISSUE PRECLUSION**

#### A. **Defendants Move Under Rule 12(b)(6) (and Rule 6(b)(1)(B) to the Extent Necessary) to Dismiss; Or Alternatively, Under Rule 12(c) for Judgment on the Pleadings**

The District Court may properly consider under either 12(b)(6) or 12(c) a motion to dismiss claims under the doctrines of claim preclusion, issue preclusion, and impermissible collateral attack.  *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280, n47 (3d Cir. 2016) (dismissing claims under the doctrine of claim preclusion on a 12(c) motion and noting:  "For these purposes, a motion for judgment on the pleadings under Rule 12(c) is identical to a motion to dismiss for failure to state a claim under Rule 12(b)(6)); *see also Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)); Fed.R.Civ.P. 12(h)(2).

Chasan is likely to argue that the PB Defendants' motion is untimely.  Such a contention would be meritless.  Under Rules 12(b)(6) and 12(c), a party retains the right to move to dismiss a complaint for "[f]ailure to state a claim upon which relief can be granted … or to state a legal defense to a claim," *see* Rule 12(h)(2)(B), so long as the motion is "early enough not to delay trial," *see* Rule 12(c).  Whatever else is the case, a 12(c) motion is unquestionably timely given

that the litigation is in its infancy.

Both Rules 12(b) and 12(c) permit a defendant to raise by motion the same defenses in a suit, with the exception being that a party may not use Rule 12(c) to assert the defenses set forth in Rules 12(b)(2)-(b)(5).[1]  *See* Rule 12(h)(1)(B)(i)-(ii) (if these defenses are not raised under 12(b), they are not lost, provided that they are pled in the answer).  But a motion to dismiss claims on the basis of various preclusion doctrines is clearly not within the scope of Rule 12(b)(2)-(b)(5) and is clearly within the scope of Rule 12(h)(2)(B).

While one could argue that a Rule 12(b)(6) motion must be brought within 21 days of service of the summons and complaint, *cf.* Rule 12(a)(1)(A)(i), the only express limitation on a Rule 12(b)(6) motion set forth in Rule 12(b) *itself* is that it "must be made before pleading."  *See* Rule 12(b) (second sentence).[2]

In any event, if the Court were to conclude that the 21 day provision found in Rule 12(a) applies to Rule 12(b), nothing prevents a party who has not filed an answer from moving under under Fed. R. Civ. P. 6(b)(1)(B) for an enlargement of time *nunc pro tunc* to move under Rule 12(b)(6).  And the PB Defendants so move to the extent that Rule 12(a)'s 21 day provision is appliable to motions under Rule 12(b).

There is a dearth of authority addressing a Rule 6(b) motion to enlarge time under Rule 12(b)(6).  But such a motion is clearly permitted as Rule 6(b)(2) only prohibits the grant of an

---

[1]    (b)(2) ("lack of personal jurisdiction"); (b)(3) ('improper venue"); (b)(4) ("insufficient process"); (b)(5) ("insufficient service of process").

[2]    If the drafters of Rule 12(b)(6) had intended to impose a 21 day period limiting a motion under Rule 12(b)(6), Rule 12(b) could have simply said "must be made 21 days after being served with the summons and complaint," rather than what Rule 12(b) actually says, which is that the motion "must be made before pleading if a responsive pleading is allowed."  (Indeed, the part of the clause "if a responsive pleading is allowed" further suggests the 21 day time period in Rule 12(a) is not meant to apply to Rule 12(b); had the drafters intended to signal a 21 day period under Rule 12(b), they would have said "must be made prior to any pleading required in 12(a).")

enlargement of time under Rule 6(b)(1)(B) where the motion is to enlarge time "under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." *See* Rule 6(b)(2).  Rule 12 is not mentioned and, therefore, a motion to enlarge time to file a Rule 12(b)(6) motion is permitted.

Here, to the extent Rule 12(a)'s 21 day provision applies to a Rule 12(b)(6) motion, there is "excusable neglect." *But see* n.2, *supra*.  The PB Defendants' noticed an appearance shortly after alleged service of the summons and complaint on the PB Defendants.  The PB Defendants sought a stipulation with Chasan setting a briefing schedule on their planned motion to dismiss in the course of a meet and confer with Chasan.  Contary to general custom, Chasan refused to stipulate.  The PB Defendants filed a notice of related case the same day as the meet and confer *viz*. the proceedings in *Chasan I* and *Chasan II* and stated in there that they intended to move against the complaint because this lawsuit is precluded.  The Court ruled on May 5, 2023, that the case will remain before the Hon. Nitza I. Quiñones Alejandro.  The instant motion is being filed on May 8, 2023.  And there is certainly no prejudice to the Plaintiff because, as demonstrated further below, even if the motion is untimely under 12(b)(6), it is nevertheless permissible under Rule 12(c).

Rule 12(c) is governed by the same standard as a motion under Rule 12(b)(6).  *See Hoffman, supra*; *see also*, *e.g.*, *Finley v. City of Phila.*, 2011 WL 3875371, at *2 (E.D.Pa. Aug.31, 2011) ("A motion for judgment on the pleadings pursuant to  Rule 12(c) is analyzed using the same standard as a motion to dismiss under  Rule 12(b)(6).") (citing *Constitution Bank v. DiMarco*, 815 F.Supp. 154, 157 (E.D.Pa.1993))*.*  Thus, if the court were to determine that a 12(b) motion is subject to Rule 12(a)'s 21 day provision and were to then also deny the PB Defendants motion to enlarge time under Rule 6(b), then under the settled law of this Circuit, the instant motion should be treated as a timely motion under Rule 12(c).

11

Here, the PB Defendants have not yet filed an answer.  However, out of an abundance of caution, shortly after this motion is filed, the PB Defendants will interpose an answer in the form of a general denial under Fed.R.Civ.P. 8(b)(3); *see* 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1265 (4th ed.) (general denial is "a form of denial with deep historical roots in both common law and code practice.").

"[A]s a well known treatise on federal civil procedure points out, 'should defendant file a Rule 12(b) motion simultaneously with his answer, the court will view the motion as having preceded the answer and thus as having been interposed in timely fashion.'"  *See U.S. Fidelity and Guar. Co. v. Bank of Bentonville*, 29 F.Supp.2d 553, 555 (W.D.Ark. 1998) (quoting 5A Wright & Miller, Fed. Pract. & Proc. Civ. § 1361 at 445 (2d ed.1990)).  Thus, the filing of an answer *after* a Rule 12(b)(6) motion is filed — even where the motion is pending — does not run afoul of the only express limitation on making a 12(b)(6) motion, namely, that it "must be made *before* pleading."

On the other hand, were the District Court to conclude the Rule 12(a)(1)(A)(i)'s 21 day provision is applicable to a motion under Rule 12(b)(6) and denies the request to enlarge time under Rule 6(b), the PB Defendants' answer by general denial will be as of record shortly and the District Court should, under settled law, simply convert this Rule 12(b)(6) motion into one under Rule 12(c).  As a result of Rule 12(h)(2), "district courts within the Third Circuit have construed motions to dismiss under Rule 12(b)(6) filed after the close of pleadings as motions for a judgment on the pleadings under Rule 12(c)."  *See Arner v. PGT Trucking, Inc.*, 2010 WL 1052953, at *1 (W.D.Pa. Mar. 22, 2010) (citing *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir.1991)); *Penzoil Prods. Co. v. Colelli & Assocs., Inc.*, 953 F.Supp. 669, 671 n. 1 (W.D.Pa.1997), *rev'd on other grounds*, 149 F.3d 197 (3d Cir.1998) (converting a post-answer

motion for a preserved Rule 12(b)(2) defense to a motion under Rule 12(c)).

Thus, if a Rule 12(b)(6) motion is "procedurally improper," "the Court[s] will construe [a] Defendants' motion as having been filed pursuant to Rule 12(c)" because the "Defendants could simply re-file the instant motion as a Rule 12(c) motion and because a Rule 12(c) motion for failure to state a claim is reviewed under the same standard as a Rule 12(b)(6) motion. *See Vasquez v. Spain Inn, Inc.*, No. 19-452, 2019 WL 5258197, at *2 (D.N.J. Oct. 17, 2019).

Therefore, the PB Defendants seek dismissal of the Complaint under Rule 12(b)(6), for an enlargement of time nunc pro tunc under Rule 6(b) to the extent Rule 12(a)'s 21 day provision applies to motions under Rule 12(b), and in the alternative, if a 12(b)(6) motion would be procedurally problematic, moves in the alternative under Rule 12(c) for judgment on the pleadings dismissing the Complaint with prejudice

**B.   Preclusion Doctrines**

**1.   The Doctrine of Claim Preclusion**

"Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *See Beasley v. Howard*, 14 F.4th 226. 231 (2021) (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 723 (2011) (other citations omitted)). "The doctrine does so by 'prevent[ing] parties from raising issues that could have been raised and decided in a prior action — even if they were not actually litigated.'" *Id.* (quoting *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, —— U.S. ——, 140 S. Ct. 1589, 1594 (2020)). "The prior judgment's preclusive effect then extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32 (citing *In re Mullarkey*,

536 F.3d 215, 225 (3d Cir. 2008)).  "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id*. at 232 (citing /, 746 F.2d 977, 984 (3d Cir. 1984)).

As Judge Brody stated in *Chasan II*: "[c]laim preclusion, or res judicata, bars a plaintiff's claim when there has been: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Chasan II*, 2021 WL 148406 at *4 (quoting *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010)); *accord Glade Park East Home Owners' Ass'n v. Penn. Public Utility Com'n*, 156 Pa. Cmwlth 466, 477 (Cmwlth Ct. 1993) (articulating elements and observing that "claim preclusion applies not only to matters which were actually litigated in a prior proceeding, but also to matters which should have been litigated at the first proceeding, if those matters were a part of the same cause of action.").

"The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" *Tohono O'Odham*, 563 U.S. at 316 (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482, n. 22 (1982) (other citation omitted); *see also Lucky Brand*, 140 S. Ct. at 1595 ("Suits involve the same claim (or 'cause of action') when they 'aris[e] from the same transaction,' or involve a 'common nucleus of operative facts'").

### 2.   The Doctrine of Issue Preclusion

Issue preclusion is a narrower doctrine than claim preclusion and prevents "a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees*, 140 S. Ct. at 1594.  "There are four essential elements of issue preclusion: (1)

an issue decided in a prior action is identical to the one presented in a later action; (2) the prior

action resulted in a final judgment on the merits; (3) the party against whom issue preclusion is

asserted was a party to the prior action; and (4) the party against whom issue preclusion is

asserted had a full and fair opportunity to litigate the issue in the prior action." *Flood v.*

*Schaefer*, 754 Fed.Appx. 130, 133 (3d Cir. 2018); *accord Rue v. K-Mart Corp.*, 552 Pa. 13, 713

A.2d 82, 84 (1998) (articulating same four elements).

### C.   Claims 3 Through 8 Are Barred and Precluded

Here, not only was there a final judgment on the merits by virtue of the District Court's

12(b)(6) Judgment (RJN Ex. 1), it was affirmed by the Third Circuit (RJN Exs. 2 & 3).  Here, not

only was there a final and conclusive judgment on the merits, but there has been a conclusive

determination on the merits that other claims not pled in *Chasan I*, were barred under the

doctrine of claim preclusion.  (RJN Ex. 4).  And here, Chasan unsuccessfully attempted to

collaterally attack the 12(b)(6) Judgment, which the District Court denied (RJN Ex. 5), which the

Third Circuit affirmed (RJN Exs. 6 & 7), and for which *en banc* review was denied (RJN Ex. 8).

Because Chasan is a such a vexatious litigant, there is no shortage of judgments against him on

his claims.

Here, all of the claims raised in *Chasan III* are barred under the doctrines of claim

preclusion, issue preclusion, and impermissible collateral attack.  As to the elements of claim

preclusion and issue preclusion, begin with the fact that the parties or their privies here are the

same as in *Chasan I* and *Chasan II*.[3]  Moreover, the parties clearly have actually litigated all of

---

[3]      The complaint here alleges that the additional entity defendants are all successors to Pierce Bainbridge.
(Compl. ¶ 16).

the issues — and unquestionably had a full and fair opportunity to so litigate these issues.

And *Chasan III* is clearly based on the same cause of action or the same nucleus of operative facts as *Chasan I* and *Chasan II*.  All of the claims here arise out of the parties' successive representations of Hamilton and Chasan's claim for fees in connection with Hamilton's suit relating to *Gears of War*.  (*Compare* (Compl. ¶¶ 22-23; 35-123) *with Chasan I*, 2019 WL 1957950, at *1-3 (12(b)(6) Judgment) and *Chasan II*, 2021 WL 148406, at *1-3 (Claim Preclusion Judgment)).

Here, not only are all of Chasan's claims barred under the doctrine of claim preclusion or issue preclusion, but as discussed below, by pleading Claims 1 and 2 — which expressly seek to vacate (A) the 12(b)(6) Judgment and related Appellate Mandate; and (B) the Claim Preclusion Judgment — Chasan effectively admits that this suit is otherwise barred by the doctrines of claim preclusion and/or issue preclusion because Claims 1 and 2 necessarily constitute an acknowledgment that prior final judgments have been duly entered against him on the set of facts he now attempts to plead for the third time.  But whereas Claims 3 through 8 purport to state claims that were or could have been raised in *Chasan I*, Claims 1 and 2 stand apart because they are impermissible collateral attacks on the District Court's prior judgments and the Third Circuit's mandates.  We consider first the bars to Claims 3 through 8 before turning to Claims 1 and 2.

Plaintiffs' third cause of action to "enforce the settlement agreement" (Compl. ¶¶ 362-70) is barred under the doctrines of claim preclusion and issue preclusion.  Judge Brody held in her 12(b)(6) Judgment that no such agreement existed and the Third Circuit affirmed.  *See generally Chasan I*, 2019 WL 1957950.  The 12(b)(6) Judgment not only has claim preclusive effect, but issue preclusive effect because the third cause of action here is the same breach of contract claim

pled in *Chasan I.*

The fourth cause of action for "tortious interference with contract," (*id*. ¶¶ 371-88) which Chasan failed to plead in *Chasan I*, but which he then pled in *Chasan II*, is barred under the doctrines of claim preclusion and issue preclusion. Judge Brody dismissed this claim under the doctrine of claim preclusion in *Chasan II*. *Chasan II*, 2021 WL 148406, at *4-6. Judge Brody's rationale applying claim preclusion then applies with equal force now. Moreover, because the Plaintiffs are such vexatious litigants, the claim is further barred under the doctrine of issue preclusion because, quite unusually, *the issue of claim preclusion* was actually litigated to a final judgment on the merits between these parties. *See id*. Thus, the claim for tortious interference is barred as well under the doctrine of issue preclusion.

The fifth claim alleges a cause of action in connection with a "fraudulent email message [from one of the defendants] that Hamilton authorized a malpractice action" against Chasan. (*See id*. ¶¶ 389-99). But Chasan raised this issue in his Rule 60(b)(6) motion in *Chasan I.* As discussed further below, the parties litigated this issue to a final judgment, which was affirmed on appeal. Thus, this claim is barred under the doctrines of claim preclusion and issue preclusion. *See Chasan II*, 2021 WL 148406, at *4-6.

The sixth claim alleges a cause of action styled as "Fraudulent Representation that Hamilton Would Not Approve the Settlement" is likewise precluded. (*See id*. ¶¶400-07). This claim is barred under the doctrines of claim preclusion and issue preclusion. To the extent this claim purports to assert a claim for fraud, it is barred under claim preclusion because it could have been raised in Chasan I. *See Chasan II*, 2021 WL 148406, at *4-6. To the extent this is pleading "fraud" as a basis to vacate a judgment, it is barred under issue preclusion because of the court's denial of Chasan's Rule 60(b)(6) motion, which was affirmed by the Third Circuit.

17

Finally, the seventh and eighth causes of action — for civil conspiracy (*id*. ¶¶ 408-10) and aiding and abetting fraud (*id*. ¶¶ 411-12) — are barred by claim preclusion because the doctrine encompasses all claims that could have been raised in *Chasan I*.  *See Chasan II*, 2021 WL 148406, at *4-6.

### D.   Claims 1 and 2 Are Absolutely Barred as Impermissible Collateral Attacks

Claims 1 and 2 stand apart from Claims 3-8 in an important way.  Claims 3-8 do not purport to be collateral attacks on the prior judgments.  Claims 3-8 are simply barred under the doctrines of claim preclusion or issue preclusion or both, as the case may be.

Claims 1 and 2 are collateral attacks on two of the prior judgments.  Claim 1 is styled as an "Equitable Action to Vacate the Judgment in in No. 18-cv-5399 Due to Fraud", and which "pray[s] for a judgment granting equitable relief opening and setting aside the judgment" by the District Court in *Chasan I* entered on May 2, 2019 — *i.e.* the 12(b)(6) Judgment — which was affirmed by the Third Circuit.  (*See* RJN Exs. 1, 2, and 3).

Claim 2 is similarly styled as an "Equitable Action to Vacate the Judgment in in No. 20-cv-1338 Due to Fraud", and which "pray[s] for a judgment granting equitable relief opening and setting aside the judgment" by the District Court in *Chasan II* on January 15, 2021 — *i.e.* the Claim Preclusion Judgment.  (*See* RJN Ex. 4).

These collateral attacks are impermissible.  Collateral attacks on the judgments of federal courts are governed by Fed. R. Civ. P. 60.  *See Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 152–54 (2009); *In re Lodholz*, 769 F.3d 531, 534 (7th Cir. 2014).  But there is no collateral attack cognizable under Rule 60 that would permit a federal district court from vacating or, indeed, do anything to a decision by an appellate court.  Indeed, the parties here just recently concluded litigating Chasan's collateral attack under Rule 60(b)(6) before the Third Circuit,

18

which affirmed Judge Brody's Rule 60(b) Judgment declining to vacate her 12(b)(6) Judgment. The Third Circuit's mandate issued on December 6, 2022 and Chasan's petition for *en banc* review was, not surprisingly, denied on January 4, 2023.

Here, notwithstanding the style of Claims 1 and 2 as arising in equity, the only basis upon which to collaterally attack the 12(b)(6) Judgment and the Claim Preclusion Judgment is by a motion or proceeding under Rule 60. Here, Chasan pleads — as he did on his Rule 60(b)(6) motion in *Chasan I* "fraud" and "newly discovered evidence," (*Chasan III* Compl. ¶ 3), which limits any such motion to Rule 60(b)(2) and 60(b)(3), and which are time-barred under Rule 60(c). *See Chasan I*, 2021 WL 4619910, at *2 ("Chasan's Rule 60(b)(6) motion relies on newly discovery evidence and the alleged fraudulent and deceitful behavior of Pierce Bainbridge and Pierce. … Therefore, Chasan could have filed the motion under Rule 60(b)(2) or Rule 60(b)(3), where it would be subject to the one-year limitations period."). Thus, not only has the District Court expressly considered and rejected Chasan's collateral attack on its 12(b)(6) Judgment, the Third Circuit affirmed the Rule 60(b)(6) Judgment and issued a mandate.

Claims 1 and 2 ask the Court to do something it will never had the power and authority to do under any circumstances: ignore the Third Circuit's mandates (1) affirming Judge Brody's denial of Chasan's Rule 60(b)(6) motion in *Chasan I*; and (2) affirming Judge Brody's grant of the defendants' 12(b)(6) motion in *Chasan I*. The Third Circuit has observed that "[f]rom the earliest days of the republic, and continuing through today, the Supreme Court has 'consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *See U.S. v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012) (quoting *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948) (in turn citing *Ex parte Sibbald v. United States*, 37 U.S. (12 Pet.) 488 (1838); *Boyce's Ex'rs v. Grundy*, 34 U.S. (9 Pet.) 275

(1835); *The Santa Maria*, 23 U.S. (10 Wheat.) 431 (1825); Himely v. Rose, 5 Cranch 313

(1809)); *see also* 28 U.S.C. § 2106; *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

As the Supreme Court has explained:

> Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.

*Kennedy*, 682 F.3d at 252 (quoting *Ex Parte Sibbald*, 37 U.S. at 492). "'A trial court must

implement both the letter and spirit of the mandate, taking into account the appellate court's

opinion and the circumstances it embraces.'" *Id*. at 253-52 (citation omitted). "[U]nless we wish

anarchy to prevail within the federal judicial system, a precedent of [the Third Circuit] must be

followed by the lower federal courts [in the Third Circuit] no matter how misguided the judges

of those [inferior] courts may think it to be." *Cf. Hutto v. Davis*, 454 U.S. 370, 375 (1982).

Here, two mandates issued from the Third Circuit. One affirmed Judge Brody's 12(b)(6)

Judgment dismissing *Chasan I*. And the second affirmed Judge Brody's Rule 60(b) Judgment,

which denied Chasan's collateral attack on the 12(b)(6) Judgment. Plaintiffs' first claim is

absolutely barred as an impermissible collateral attack. The District Court lacks the power and

authority to even entertain a collateral attack because that would require the Court here to deviate

from the Third Circuit's mandates. A party aggrieved by a decision of a Court of Appeals has

but one remedy: direct review of the decision upon a petition for certiorari to the Supreme

Court.

Similarly, Plaintiffs' Second Claim is absolutely barred. Although the Third Circuit did

not issue a mandate affirming Judge Brody's Claim Preclusion Judgment (because no appeal was

taken), an attempt to vacate the Claim Preclusion Judgment would necessarily require a vacatur of the two judgments in *Chasan I*. Once the Third Circuit affirmed the 12(b)(6) Judgment, Judge Brody's holding in the Claim Preclusion Judgment was the only legally correct conclusion possible under settled law. And Chasan could have, but did not, collaterally attack the Claim Preclusion Judgment in connection with his collateral attack of the 12(b)(6) Judgment, which Judge Brody denied and the Third Circuit affirmed.

Any "willingness" by this Court to "to entertain this sort of collateral attack cannot be squared with res judicata and the practical necessity served by that rule. 'It is just as important that there should be a place to end as that there should be a place to begin litigation.'" *Travelers*, 557 U.S. at 154 (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938)). And "the need for finality forbids a court called upon to enforce a final order to 'tunnel back'" into prior, final, and conclusive orders of courts of coordinate jurisdiction and courts of superior jurisdiction to this Court as Chasan impermissibly seeks to do here in Claims 1 and 2. *Cf. id*. (quoting In re Optical Technologies, Inc., 425 F.3d 1294, 1308 (11th Cir.2005)). "[T]he practical concern with providing an end to litigation justifies a rule preventing collateral attack" as Chasan seeks to do here for the second time. *Cf. id*. (quoting *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992)).

## CONCLUSION

Preclusion doctrines serve the parties' and the courts' interest in finality. This litigation should have been over ages ago — after the Third Circuit affirmed Judge Brody's dismissal of the complaint in *Chasan I*. But the Plaintiffs here are vexatious litigants. And this case serves as a useful illustration as to why the preclusions doctrines discussed in this motion exist. Therefore, for the reasons stated herein, the PB Defendants respectfully request that the Court dismiss the Complaint with prejudice under Rule 12(b)(6) or alternatively, under Rule 12(c).

Respectfully Submitted,
**BRACH EICHLER L.L.C.**
*Attorneys for Defendants*

By:  /s/  Edward Altabet
        Edward D. Altabet, Esq.

Date: May 8, 2023